## LEVERTON v. CURTIS PUB. CO.
### Civ. No. 10141.

United States District Court
E. D. Pennsylvania.
March 29, 1951.

Richter, Lord & Farage, Philadelphia, Pa., for plaintiff.

Philip H. Strubing and Evans, Bayard & Frick, all of Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

This was an action for wrongful invasion of the plaintiff's right of privacy by the publication, when she was 11 or 12 years old, of a photograph of her as she lay in the street immediately after having been struck by an automobile, her face distorted by pain or terror, her hair and clothing disarranged and her legs exposed to the hips.

The case was submitted to the jury after full argument and discussion with counsel, and I can add very little to the statement of the applicable law given in the charge.

The additional point now made by the defendant, that the photograph is of such superlative merit that, qua photograph, the defendant was entitled to publish it without consent of the subject, is without merit. The defendant says that the picture is "unusual", "striking", "dramatic", all of which it no doubt is, but that does not in the least affect the plaintiff's interest in not having her likeness exhibited, which is the basis of the right of privacy. (Restatement, Torts, Sec. 867). The plaintiff says the picture is simply sensational,

which it also is, but the courts are not concerned with the canons of good taste, and pictures which startle, shock, and even horrify may be freely published, provided they are not libelous or indecent, if the subject of the picture consents or if the occasion is such that his right of privacy does not protect him from the publication. The right is, of course, variable and in some cases it may dwindle almost to the vanishing point, as where an individual, perhaps involuntarily, becomes involved in some newsworthy event or some situation in which the public has a legitimate interest. In the present case the subject of the picture was a trivial traffic accident. The girl was not hurt, the motorist was fined for running through a red light (I believe that fact is conceded) and that was all there was to it. It is not pretended that the picture had the slightest news value when the defendant got hold of it and published it two years after the event.

Again, one who has attained fame or become a public figure must put up with many inroads upon his private life and a person who exploits his personality for professional or business reasons voluntarily surrenders most of his privacy. But I do not think that a private individual waives anything merely because he goes on the public street. Perhaps he cannot complain if someone snaps his picture without asking permission, but publishing it is an entirely different matter.

■ The sum of it seems to be that where a magazine chooses to publish, without permission, a picture of a private individual in a humiliating situation, for the sole purpose of attracting attention to a leading article, it takes the risk that a jury will find, as the jury in this case did, that the publisher should have realized that the publication would be offensive to a person of ordinary sensibilities and unreasonably interfere with her right of privacy.

I find no reason either to set aside this verdict or to grant a new trial.

The motions are denied.